IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| LEO MARTINEZ, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: |
| | § | 3:05-CV-0422-P |
| NEIMAN MARCUS GROUP, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Defendant Neiman Marcus Group, Inc.'s Motion for Sanctions pursuant to Fed. R. Civ. P. 37, filed July 27, 2005. Plaintiff Leo Martinez responded on August 16, 2005. Defendant filed a reply on August 30, 2005. Having thoroughly considered the parties' briefing and the applicable law, the Court concludes that Plaintiff, having missed his deposition scheduled for July 19, 2005, should reimburse Defendant for defense counsel's day of deposition preparation time, defense counsel's attendance at the deposition, and the court reporter and videographer fees. However, the Court does not have sufficient evidence before it to make a reasonable calculation of the appropriate amount of sanctions. The Court therefore orders Defendant to provide, within fifteen (15) days of the date this order is filed, additional documentary evidence as described below that will allow the Court to make a reasonable calculation of the amount of sanctions.

## I. Background and Procedural History

Plaintiff filed his Original Complaint on March 2, 2005, alleging claims pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. The parties entered a Joint Proposed Scheduling and Discovery Order on May 24, 2005, and the Court issued its Scheduling Order on May 27, 2005. The Scheduling Order provides for completion of discovery by October 24, 2005.

Through correspondence in the month of June, the parties agreed that Plaintiff Leo Martinez would be deposed on July 19, 2005, at 9:00 a.m. at the offices of Plaintiff's counsel in Arlington, Texas. (Mot. Sanctions Ex. C at 1.) On the day of the deposition, Plaintiff failed to appear, and Defendant took a certificate of nonappearance. (Mot. Sanctions Ex. D at 1–3.)

Defendant also served Plaintiff with Interrogatories and Requests for Production on June 10, 2005 (Mot. Sanctions Ex. A at 1), and Plaintiff responded on July 13, 2005. (Resp. at 2.)

Defendant moves for sanctions pursuant to Fed. R. Civ. P. 37, claiming that (1) Plaintiff failed to appear at his scheduled deposition, (2) Plaintiff failed to verify his answers to the Interrogatories, and (3) Plaintiff failed to timely produce documents responsive to Defendant's Requests for Production. The Court addresses each claim below.

## II. Analysis

### A. Failure to Appear

As noted above, Plaintiff failed to appear at his deposition on July 19, 2005. Defendant asks the Court to dismiss the action in its entirety or, in the alternative, to order Plaintiff to appear for a deposition in the next thirty (30) days and to treat any future failure to appear as a

contempt of court.   (Mot. Sanctions at 4.)  Defendant also asks the Court to order Plaintiff to

pay Defendant's attorney's fees and expenses associated with Plaintiff's non-appearance. (*Id.*)

Fed. R. Civ. P. 37(d) specifically allows sanctions in the event that a party fails to attend

his or her own deposition:

> If a party . . . fails (1) to appear before the officer who is to take the deposition,
>
> after being served with a proper notice, . . . the court in which the action is
>
> pending on motion may make such orders in regard to the failure as are just, and
>
> among others it may take any action authorized under subparagraphs (A), (B), and
>
> (C) of subdivision (b)(2) of this rule.

Fed. R. Civ. P. 37(d).   Subparagraph (C) of subdivision (b)(2) gives the Court discretion to

dismiss the action or any part thereof. Fed. R. Civ. P. 37(b)(2)(C). However, the Fifth Circuit

has noted that dismissal with prejudice is "a draconian remedy" and the "remedy of last resort"

"[b]ecause the law favors the resolution of legal claims on the merits and because dismissal is a

severe sanction that implicates due process . . . ." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir.

1994) (citation omitted).   Bearing this in mind, the *Conner* court reiterated the factors that a

court must consider before dismissing a case as a discovery sanction:

> First, we have explained that "dismissal with prejudice typically is appropriate
>
> only if the refusal to comply results from willfulness or bad faith and is
>
> accompanied by a clear record of delay or contumacious conduct." Further, we
>
> have noted that the violation of the discovery order must be attributable to the
>
> client instead of the attorney. We have also held that the violating party's

misconduct "must substantially prejudice the opposing party." Finally, we have indicated that dismissal is usually improper if a less drastic sanction would substantially achieve the desired deterrent effect.

*FDIC v. Conner*, 20 F.3d 1376, 1380–81 (5th Cir. 1994).

In the instant case, Plaintiff's failure to appear does not appear to have been willful or in bad faith. While Defendant accuses Plaintiff of "sandbagging" generally (Reply at 6), there is no specific allegation that Plaintiff willfully skipped the deposition or did so in bad faith. Plaintiff claims that he failed to appear at the deposition due to a miscommunication with his attorney's staff. (Resp. at 6.) Importantly, Plaintiff willfully appeared at the makeup deposition without intervention from this Court. (*Id.* at 10.) Finding little evidence in the record to the contrary, the Court concludes that Plaintiff's failure to appear was not willful or in bad faith.

In addition, based on the evidence before it, the Court hesitates to attribute Plaintiff's failure to appear to Plaintiff and not to Plaintiff's counsel. As noted above, Plaintiff claims that the failure to appear was the result of a miscommunication with his attorney's staff. While this miscommunication very well could have been Plaintiff's fault, there is not enough evidence before the Court to conclude that this is so. Furthermore, the prejudice to Defendant as a result of the missed deposition appears to have been minimized by the fact that the deposition eventually took place on August 15, 2005. (Resp. at 10.)   Finally, as described below, the Court believes that monetary sanctions provide a less draconian remedy that would substantially achieve the desired deterrent effect.

For the reasons stated above, the Court concludes that dismissal of the action is an overly harsh sanction for the discovery violations that occurred.

## 2. Attorney's Fees and Expenses

In the alternative, Defendant asks that the Court order Plaintiff to pay for Defendant's attorney's fees and expenses incurred as a result of the missed deposition. Fed. R. Civ. P. 37(d) provides that:

> In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d).

In this case, Defendant seeks attorney's fees and expenses in the amount of three thousand dollars ($3,000), which includes reimbursement for "defense counsel's day-of deposition preparation time. . . ; defense counsel's attendance at the deposition; defense counsel's two-way travel time and expenses . . . ; court reporter and videographer fees; and attorneys' fees incurred in drafting the instant motion." (Mot. Sanctions at 4.) The Court now examines whether Plaintiff should reimburse Defendant for each of these expenses.

### a. Day of Deposition Preparation Time

Plaintiff claims in his response that he should not have to pay for defense counsel's day of deposition preparation time. (Resp. at 6.) Plaintiff argues that preparing for the originally

scheduled deposition would allow defense counsel to avoid spending additional time preparing for the rescheduled deposition. (*Id.*) In reply, Defendant argues that a diligent attorney would have to repeat his or her preparation on the rescheduled date. (Reply at 5.) The Court agrees with Defendant, finding it reasonable for an attorney to review deposition questions and strategy a second time before conducting a deposition nearly a month after it was originally scheduled. It is thus reasonable that Plaintiff should compensate Defendant for the initial day of deposition preparation time.

### b. Defense Counsel's Attendance at the Missed Deposition

In regards to Defendant's request for reimbursement for defenses counsel's attendance at the missed deposition, Plaintiff admits that Defendant should be reimbursed for "at least twenty (20) minutes of waiting time." (Resp. at 7.) Plaintiff maintains that "Defense counsel was present at undersigned counsel's office at 9:00 a.m." and alleges that "all persons [were] released by counsel for Plaintiff at exactly 9:20 a.m." In reply, Defendant alleges that defense counsel and other representatives "spent close to an hour at Plaintiff's counsel's office." (Reply at 5.) Defendant asserts that "Defendant's attorneys and representatives arrived at Plaintiff's counsel's office 20 to 30 minutes prior to the 9:00 a.m. deposition time in order to set up," and that "the non-appearance was recorded at 9:30 a.m." (*Id.*) Given that both parties agree that defense counsel was present at 9:00 a.m. and that the Affidavit of Nonappearance specifically states that the court reporter was present until 9:30 a.m. (Resp. Ex. D at 3), it seems clear that defense counsel was in attendance at the deposition for at least thirty (30) minutes. In addition, Plaintiff presents no evidence to rebut Defendant's assertion that its delegation arrived twenty (20) to

thirty (30) minutes ahead of time in order to setup. The Court thus finds it reasonable to conclude that defense counsel waited at the law offices in Arlington for approximately fifty (50) minutes and that Plaintiff should compensate Defendant for this time.

### c. Travel Time and Expenses

Regarding Defendant's request for reimbursement of the two-way travel time and expenses between defense counsel's offices and the law offices in Arlington, Plaintiff maintains that it is customary in litigation of this nature for the parties' depositions to take place in the offices of their respective counsel. (Resp. at 7.) Plaintiff also claims that to compensate for the missed deposition he agreed to hold all future depositions at defense counsel's offices. (*Id.*) The net result, according to Plaintiff, is that defense counsel had to make one trip to the law offices of Plaintiff's counsel in order to depose Plaintiff. (*Id.*) Defendant did not directly reply to this response. The Court agrees with Plaintiff that the net result is fair and that Defendant should not be compensated for defense counsel's two-way travel time and expenses.

### d. Court Reporter and Videographer

As to the court reporter and videographer, Plaintiff "concedes that Defendant incurred twenty (20) minutes of court reporter and videographer fees on the orginally scheduled deposition date of July 19, 2005." (Resp. at 8.) Defendant, however, alleges that the "court reporter and videographer spent approximately one hour at Plaintiff's counsel's office (20 to 30 minutes to set up, 20 minutes waiting for Plaintiff, and 10 minutes taking the Certificate of Non-Appearance)." (Reply at 5.) The Court notes that on its face the Affidavit of Nonappearance reflects that the court reporter was present for thirty (30) minutes. (Mot. Sanctions Ex. D at 1,

3.)  The Affidavit states that the court reporter personally appeared at 9:00 a.m. and that she remained until 9:30 a.m.  (*Id.*)  The Court further notes that the record does not contain evidence such as timesheets from the court reporter or videographer.  Based on the record before it, the Court concludes that it is reasonable that Plaintiff compensate Defendant for thirty (30) minutes worth of court reporter and videographer fees.

### e. Drafting Fees for the Motion for Sanctions

Finally, regarding the attorney's fees incurred in drafting the instant motion, Plaintiff argues that "defense counsel had a duty to first make a good faith duty to [sic] attempt to resolve this discovery dispute without intervention by the Court."  (Resp. at 8.)  Plaintiff asserts that his counsel "informed counsel for Defendant on the date of the originally missed deposition that Plaintiff would work with Defendant in any way necessary to resolve this matter in a manner agreeable to all parties."  (*Id.*)  Plaintiff maintains that "Defendant never made a request for fees or expenses prior to filing its Motion for Sanctions."  (*Id.*)  In reply, Defendant claims that Plaintiff's counsel never stated he "would work with Defendant in any way necessary."  (Reply at 4.)  Defendant supposedly "did not even hear from Plaintiff's counsel - with an apology, an excuse, an offer to pay fees, or anything else - until after this Motion was filed."  (*Id.*)  Defendant also claims that Defense counsel attempted to confer before filing its Motion for Sanctions and notes that a Certificate of Conference was attached to the Motion.  (*Id.*)

While they disagree on the details, both parties' briefs convey the same general message, namely that there was a total breakdown of communication between counsel following the missed deposition.  Local Rule 7.1(a) provides that "[b]efore filing a motion, an attorney for the

moving party must confer with an attorney for each party affected by the requested relief to determine whether the motion is opposed." Local Rule 7.1(b)(3) states that when a conference is not held "the certificate must explain why it was not possible to confer, in which event the motion will be presumed to be opposed." The conference requirement in the Local Rules "implicitly recognizes that in general the rules dealing with discovery in federal cases are to be self-executing." *Dondi Properties Corp. v. Commerce Sav. & Loan Asso.*, 121 F.R.D. 284, 289 (N.D. Tex. 1988) (per curiam). The purpose of the conference requirement "is to promote a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought." *Id.* It is not intended to be a "pro forma matter." *Id.* at 290. "Properly utilized [the conference requirement] promotes judicial economy while at the same time reducing litigants' expenses incurred for attorneys' time in briefing issues and in preparing and presenting pleadings." *Id.*

Despite the filing of a Certificate of Conference, the Court is not convinced that there was a rigorous effort to confer before filing the instant motion. The Certificate of Conference states that "counsel for Defendant attempted to confer with counsel for Plaintiff regarding the relief requested in the foregoing motion, but was unable to reach counsel for Plaintiff." (Mot. Sanctions at 7.) Defendant does not provide details on how extensive these efforts were or why they failed. In the absence of such evidence, the Court is reluctant to award attorney's fees for the drafting of the instant Motion. As such, the Court concludes that in these particular circumstances Plaintiff should not have to compensate Defendant for defense counsel's attorney's fees incurred in drafting the instant motion. Counsel for both parties are instructed to

make a renewed effort at establishing open and frank lines of communication for the duration of these proceedings.

### B. Failure to Verify Answers to Interrogatories

Defendant also asks the Court to impose sanctions based on Plaintiff's failure to verify his answers to the Defendant's Interrogatories. (Mot. Sanctions at 1.) Defendant maintains that "no verification page was received with Plaintiff's interrogatory response" (Mot. Sanctions at 3) and that Plaintiff did not submit a verification page until after the Motion for Sanctions was filed. (Reply at 6.) Plaintiff claims that this was a "technical omission" that "has since been rectified." (Resp. at 5.) In light of the fact that a verification page has now been submitted and the Court's concerns with the efforts made at conferring before filing this Motion, the Court will not sanction Plaintiff for this technical violation of Fed. R. Civ. P. 33.

### C. Failure to Timely Produce Responsive Documents

Defendant also alleges that Plaintiff failed to produce documents responsive to Defendant's Requests for Production. (Mot. Sanctions at 1.) Defendant claims that Plaintiff failed "to produce, prior to the day of Plaintiff's scheduled deposition, approximately seventy (70) documents consisting mostly of medical records critical to this Family Medical Leave Act case." (Mot. Dismiss at 5.) Defendant argues that "these records should have been produced well in advance of the deposition to enable Defendant to review them prior thereto." (*Id.*) Plaintiff responds that he agreed to make certain documents "available for inspection and copying at undersigned counsel's office 'at a mutually agreeable time'" in his response to the Requests for Production. (Resp. at 2.)

In large part, this particular discovery dispute results from difficulties establishing "a mutually agreeable time." Defense counsel faxed Plaintiff's counsel a letter requesting the hand delivery of these documents on July 15, 2005. (Mot. Sanctions Ex. E at 1.) Plaintiff's counsel asserts that the Federal Rules do not require hand delivery, and that he agreed to fax these documents to Defendant on July 15, 2005. (Resp. at 3.) Plaintiff's counsel claims that he returned to his office in order to coordinate this faxing, but that he could not establish contact with defense counsel. (*Id.*) Defense counsel alleges that he followed up his letter requesting hand delivery with a telephone call the same day, but did not hear back from Plaintiff. Ultimately, the documents were not faxed until July 18, 2005, at 5:44 p.m., which was the evening before the scheduled deposition. (Reply Ex. A at 1.)

Fed. R. Civ. P. 37(d) provides that "the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule" if a party fails "to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request . . . ." Fed. R. Civ. P. 37(d). "In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." *Id.*

In the instant case, the Court notes that this dispute most likely could have been avoided had Plaintiff's counsel responded to the Requests for Productions with a reasonable offer to

make the additional documents available for inspection at a specific time, place, and manner. "A response to a request for production of documents which merely promises to produce the requested documents at some unidentified time in the future, without offering a specific time, place and manner, is not a complete answer as required by Rule 34(b)." *Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 656 (D. Md. 1997). Regardless of any efforts Plaintiff's counsel may have made at facilitating the inspection of these documents, the end result was that the requested documents were not faxed to defense counsel until just hours before the deposition. While the actual prejudice in this case was minimized by Plaintiff's nonappearance at the deposition, the potential for substantial prejudice due to Plaintiff's counsel's conduct was certainly there.

Despite these concerns with Plaintiff's counsel's conduct, the Court is hesitant to impose sanctions based on the evidence before it. There is not enough evidence for this Court to conclude that Plaintiff's counsel intentionally withheld access to the additional documents in an effort to hinder defense counsel's preparation for the deposition. As such, the Court will not sanction Plaintiff's counsel for his failure to timely produce the additional documents. Plaintiff's counsel should take note, however, that his conduct brought him perilously close to being sanctioned by this Court.

### D. Amount of Sanctions

Defendant's Motion requested payments in the amount of three thousand dollars ($3,000) for reimbursement of "defense counsel's day-of deposition preparation time. . . ; defense counsel's attendance at the deposition; defense counsel's two-way travel time and expenses . . . ;

court reporter and videographer fees; and attorneys' fees incurred in drafting the instant motion." (Mot. Sanctions at 4.)   As noted above, the Court has concluded that Defendant should be reimbursed only for defense counsel's day of deposition preparation time, defense counsel's attendance at the deposition, and the court reporter and videographer fees.   However, Defendant failed to provide enough evidence for the Court to calculate the appropriate amount of sanctions. Therefore, the Court orders Defendant to provide documentary evidence that will allow the Court to make a reasonable calculation of the amount of sanctions within fifteen (15) days of the date this order is filed.   Such evidence should include:

1) A list of Defendant's attorneys that participated in the missed deposition on July 19, 2005.

2) The exact amount of time spent preparing for the missed deposition.

3) The hourly rate for each attorney that participated in the deposition or prepared for it.

4) Timesheets or invoices for the court reporter and videographer.

Failure to provide this information within fifteen (15) days of the date this order is filed will result in the Motion for Sanctions being dismissed.   Plaintiff may file any objections to this additional evidence within ten (10) days of Defendant's filing.   The Court will calculate the appropriate amount of sanctions and issue a subsequent order following receipt of these filings.

**It is so ordered.**

Signed this 7th day of September 2005.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

**3:05-CV-0422-P**
**Memorandum Opinion and Order**
**Page 13 of 13**